1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MALEEK JAMES,

Defendant.

CASE NO. CR09-427-RSM

DETENTION ORDER

Offenses charged:

Count 1 - Conspiracy to Possess MDMA/Ecstasy with Intent to Distribute

Count 2 - Possession of MDMA/Ecstasy with Intent to Distribute

Count 3 - Conspiracy to Import MDMA/Ecstasy

Count 4 - Aiding and Abetting the Importation of MDMA/Ecstasy

Date of Detention Hearing: August 19, 2010

The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based

upon the factual findings and statement of reasons for detention hereafter set forth, finds that no

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)  The return of the First Superseding Indictment establishes probable cause to believe defendant committed the drug offenses charged in this case.  The maximum penalty for each of these offenses is in excess of ten years.  There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

(2)  The evidence and proffer presented by defendant do not effectively rebut that presumption.

(3)  Defendant frequently traveled back and forth between Canada and the United States for many years until he was deported from that country.  Pretrial Services reports that his wife and children continue to live there, but come to Tacoma to visit him since he was deported.  He owned and ran a barber shop in Canada for some time and reportedly also did stand-up comedy routines in Canada.

(4)  He has a significant adult criminal record, which includes convictions for two drug offenses, petty theft, displaying a weapon, reckless endangerment, resisting arrest, juvenile prostitution (in Canada), and many traffic offenses.  Pretrial Services reports six failures to appear, resulting in bench warrants.  His juvenile record includes convictions for a firearms/dangerous weapon violation, and two criminal assaults.

(5)  Law enforcement reports he is associated with at least six alias names or name variations, and two dates of birth.  Defendant acknowledges he changed his name from Brian Womack to Maleek James, but denies the use of any other names or any false dates of birth.

DETENTION ORDER - 2
18 U.S.C. § 3142(i)

1   (6)  He is now employed at a barber shop, which he owns, in Tacoma.

2   (7)  Defendant's sister-in-law , Kim Farah, was arrested in connection with the

3       transportation of the drugs.  Defendant had a recorded telephone conversation with her

4       while she was in the Federal Detention Center.  According to law enforcement reports,

5       defendant told her to "keep her mouth shut" and she will be "set for life."

6   (8)  Defendant has had various conversations with law enforcement officers, some of

7       which he initiated.  At the end of one interview, he admitted that his story was not the

8       whole truth, said he wanted to tell the agents the whole story, however by doing so, he

9       would implicate himself in this case.  He therefore said he wanted to talk it over with

10      his attorney so they could reach some kind of agreement with the United States

11      Attorney's Office.

12   (9)  Defendant's counsel arranged for a polygraph examination for defendant, and

13      presented the results to federal authorities, alleging that the results were exculpatory.

14      He then agreed to take a polygraph examination administered by the F.B.I..  Counsel

15      for the United States reports that test established defendant was lying.

16 It is therefore ORDERED:

17   (1)  Defendant shall be detained pending trial and committed to the custody of the

18      Attorney General for confinement in a corrections facility separate, to the extent

19      practicable, from persons awaiting or serving sentences or being held in custody

20      pending appeal;

21   (2)  Defendant shall be afforded reasonable opportunity for private consultation with

22      counsel;

23   (3)  On order of a court of the United States or on request of an attorney for the

24      Government, the person in charge of the corrections facility in which defendant is

25

26 DETENTION ORDER - 3
  18 U.S.C. § 3142(i)

confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this <u>19th</u> day of August, 2010.

<u>s/ John L. Weinberg            </u>
United States Magistrate Judge

DETENTION ORDER - 4
18 U.S.C. § 3142(i)