UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>MALEEK JAMES,<br><br>                Defendant. | CASE NO. CR09-427-MJP<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR DISCOVERY AND FOR NEW TRIAL |

THIS MATTER comes before the Court on Defendant's Motion for Discovery of Related Case, (Dkt. No. 426), and Defendant's Motion for New Trial, (Dkt. No. 427). Having reviewed the Motions, the Government's response, (Dkt. No. 429), Defendant's reply, (Dkt. No. 433), and the related record, the Court hereby DENIES the Motions.

**Background**

On February 18, 2011, Defendant was convicted of: (1) Conspiracy to Possess MDMA/ecstasy with the Intent to Distribute; (2) Aiding and Abetting the Possession of MDMA/ecstasy with Intent to Distribute; (3) Conspiracy to Import MDMA/ecstasy; and (4)

Aiding and Abetting the Importation of MDMA/ecstasy.  (Dkt. No. 275.)  Defendant was sentenced to 108 months in custody.  (Dkt. No. 354.)

Defendant appealed his conviction and sentence, which was affirmed by the Ninth Circuit.  (Dkt. No. 384.)  Defendant then filed several post-conviction motions, including a motion to vacate his conviction and sentence under 18 U.S.C. § 2255.  (Dkt. No. 396.)  The Court denied Defendant's 2255 Motion, and the Ninth Circuit affirmed the Court's ruling.  See James v. United States, Case No. 2:12-cv-1917-MJP, Dkt. Nos. 97, 107 (W.D. Wash. 2012).

Defendant has filed a Motion for New Trial, (Dkt. No. 427), and a Motion for Discovery of Related Case, (Dkt. No. 426), in this criminal case.  The Government opposes both Motions, (Dkt. No. 429).  For reasons stated below, the Court DENIES Defendant's Motions.

## Discussion

### I. Motion for Discovery

In his Motion for Discovery of Related Case, (Dkt. No. 426), Defendant requests copies of the proffers, pleas, and pre-arrest statements from certain co-defendants in the related criminal case United States v. Mahli, Case No. 2:09-cr-00429-RSL (W.D. Wash. 2009).  Defendant argues he should be permitted to inspect these documents because they might contain information that would have been beneficial to his defense.  (Id. at 1.)  The Government opposes Defendant's Motion for Discovery on the grounds that the Motion is both untimely and factually deficient.  (Dkt. No. 429 at 3–5.)

The Court concludes Defendant's Motion for Discovery of Related Case is untimely. Fed. R. Crim. P. 12(b)(3) provides that certain types of motions, including discovery motions, must be raised before trial if the basis for the motion is reasonably available and the motion can be determined without a trial on the merits.  Here, Defendant provides no proper reason why he

1  could not and did not make his motion before trial.  (Dkt. No. 426.)  While Defendant contends
2  he only recently learned of the co-defendants he is seeking discovery for, the record before the
3  Court shows the Government provided Defendant with discovery from the Mahli case which
4  identified that case as related to Defendant's case.  (Dkt. No. 429-1 at 2.)

5        Because Defendant fails to provide a proper reason why he could not and did not bring
6  his Motion before trial, the Court DENIES Defendant's Motion for Discovery of Related Case as
7  untimely.  (Dkt. No. 426.)  The Court does not reach the Government's arguments regarding the
8  factual sufficiency of Defendant's Motion.

9  **II.    Motion for New Trial**

10        Defendant has also filed a Motion for New Trial based upon a claim of newly discovered
11  evidence under Fed. R. Crim. P. 33.  (Dkt. No. 427.)  In this Motion, Defendant argues: (1) that
12  the Government failed to provide discovery pertaining to co-defendants in the related Mahli
13  case; and (2) that his co-defendant Kim Farah refused to assist in his defense due to Government
14  coercion.  (Id.)  The Government argues both that Defendant does not meet his burden under
15  Rule 33 to invalidate his criminal conviction, and that Defendant's Motion for New Trial is
16  untimely.  (Dkt. No. 429 at 5–11.)

17        The Court concludes Defendant fails to meet his burden under Rule 33.  To prevail on a
18  Rule 33 motion for new trial based upon newly discovered evidence, a defendant must show the
19  following: " (1) the evidence must be newly discovered; (2) the failure to discover the evidence
20  sooner must not be the result of lack of diligence on the defendant's part; (3) the evidence must
21  be material to the issues at trial; (4) the evidence must be neither cumulative nor merely
22  impeaching; and (5) the evidence must indicate that a new trial would probably result in
23  acquittal."  United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991).  Defendant fails to meet
24

1  both the first and second prongs of the <u>Kulczyk</u> test.  As discussed in greater detail above,

2  Defendant was provided with discovery from the <u>Mahli</u> case which indentified that case as

3  related to Defendant's case.  Therefore, Defendant's contention that the existence of the related

4  case, and of the co-defendants, is "newly discovered" evidence is without merit.  Nor can

5  Defendant show that the failure to discover the related case was not due to lack of diligence on

6  Defendant's part.  Likewise, Defendant fails to show that the information that his co-defendant,

7  Kim Farah, refused to assist in his defense due to Government coercion constitutes "newly

8  discovered" evidence or that any failure to discover this information was not due to lack of

9  diligence on Defendant's part.  The Government correctly points out that Defendant was aware

10 of Ms. Farah, who is his sister-in-law and was his co-defendant, at the time of his trial and that

11 nothing prevented Defendant from calling Ms. Farah as a witness at trial to secure her testimony.

12 (Dkt. No. 429 at 8.)  Further, Defendant made a similar argument regarding Ms. Farah in his

13 2255 motion filed in February 2013—over three years ago.  <u>See</u> <u>James v. United States</u>, Case

14 No. 2:12-cv-01917-MJP, Dkt. No. 16 at 7 (W.D. Wash. 2012).

15       Further, even if Defendant could meet his burden under Rule 33, Defendant's Motion for

16 New Trial is untimely.  Fed. R. Crim. P. 33(b) provides: "(1) Newly Discovered Evidence.  Any

17 motion for a new trial grounded on newly discovered evidence must be filed within 3 years after

18 the verdict or finding of guilty."  Here, the jury found Defendant guilty on February 18, 2011.

19 (Dkt. No. 275.)  Because Defendant filed his Motion for New Trial on May 16, 2016—more than

20 five years later—the Motion is untimely.

21       Because Defendant fails to meet his burden under Rule 33 and because the Motion is

22 untimely, the Court DENIES Defendant's Motion for New Trial based upon a claim of newly

23 discovered evidence, (Dkt. No. 427).

24

## Conclusion

The Court DENIES Defendant's Motion for Discovery, (Dkt. No. 426), and Defendant's Motion for New Trial, (Dkt. No. 427), for reasons stated in this Order.  Defendant has filed two additional Motions for New Trial, (Dkt. Nos. 430, 434), which are substantively identical to the Motion addressed in this Order.  For reasons stated in this Order, the Court DENIES these motions as well.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 15th day of August, 2016.

Marsha J. Pechman
United States District Judge