UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MALEEK JAMES,<br><br>Defendant. | CASE NO. CR09-427-MJP<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR PRODUCTION OF GRAND JURY TRANSCRIPTS AND DOCUMENTS AND DEFENDANT'S MOTIONS TO PRODUCE DISCOVERY |

THIS MATTER comes before the Court on Defendant's Motions for Production of Grand Jury Transcripts and Documents, (Dkt. Nos. 431, 435), and Defendant's Motions to Produce Discovery, (Dkt. Nos. 432, 436). Having reviewed the Motions, the Government's response, (Dkt. No. 437), and the related record, the Court hereby DENIES the Motions.

**Background**

This case arises out of the seizure of about 26 kilograms of MDMA/ecstasy near the United States-Canada border, from a vehicle driven by co-defendants Naseer (Nash) Hussain and Defendant's sister-in-law, Kim Farah. (Dkt. No. 437 at 2.) On the night of December 10, 2009,

ORDER DENYING DEFENDANT'S MOTIONS FOR PRODUCTION OF GRAND JURY TRANSCRIPTS AND DOCUMENTS AND DEFENDANT'S MOTIONS TO PRODUCE DISCOVERY- 1

1   the co-defendants crossed into the United States from Canada in a vehicle. (Id.) While at the

2   port of entry, Ms. Farah provided border agents with a fictitious cover story about needing to

3   pick up her niece at the Seattle airport. (Id.) Instead, upon entry, Mr. Hussain and Ms. Farah

4   drove to a small guesthouse near the Canadian border, as observed by surveillance. (Id.) Once

5   there, a second vehicle arrived on the Canadian-side of the border and delivered the drugs to the

6   co-defendants' vehicle. (Id.) Mr. Hussain and Ms. Farah then departed the guesthouse and

7   drove south on Interstate 5, where they were ultimately stopped and arrested. (Id.)

8       Mr. Hussain and Ms. Farah were charged in federal court. (Dkt. No. 17.)

9       After the arrest, investigators reviewed data from Ms. Farah's cell phone as well as

10  recorded jail calls between Ms. Farah and Defendant (who was residing in British Columbia),

11  during which Defendant, among other things, reassured Ms. Farah that she is going to be taken

12  care of and comments that "We were just being too greedy . . ."; "We didn't need this money . .

13  ." (Dkt. No. 437 at 2.) Investigators also met and spoke directly with Defendant on multiple

14  occasions, during which he offered conflicting and incriminating statements. (Id.)

15      In July 2010, Mr. Hussain pled guilty and further cooperated with law enforcement.

16  (Dkt. No. 95.)

17      On August 11, 2010, a Grand Jury returned a Superseding Indictment charging Defendant

18  and Ms. Farah with offenses arising out of the events of December 10, 2009. (Dkt. No. 98.) A

19  few days later, Defendant made his initial appearance in federal court and was arraigned on the

20  charges contained in the Superseding Indictment. (Dkt. No. 107.)

21      In February 2011, Ms. Farah pled guilty before trial. (Dkt. No. 248.)

22      On February 18, 2011, Defendant was convicted of: (1) Conspiracy to Possess

23  MDMA/ecstasy with the Intent to Distribute; (2) Aiding and Abetting the Possession of

24  ORDER DENYING DEFENDANT'S MOTIONS
FOR PRODUCTION OF GRAND JURY
TRANSCRIPTS AND DOCUMENTS AND
DEFENDANT'S MOTIONS TO PRODUCE
DISCOVERY- 2

MDMA/ecstasy with Intent to Distribute; (3) Conspiracy to Import MDMA/ecstasy; and (4) Aiding and Abetting the Importation of MDMA/ecstasy.  (Dkt. No. 275.)  Defendant was sentenced to 108 months in custody.  (Dkt. No. 354.)

Defendant appealed his conviction and sentence, which was affirmed by the Ninth Circuit.  (Dkt. No. 384.)  Defendant then filed several post-conviction motions, including a motion to vacate his conviction and sentence under 18 U.S.C. § 2255.  (Dkt. No. 396.)  The Court denied Defendant's 2255 Motion, and the Ninth Circuit affirmed the Court's ruling.  See James v. United States, Case No. 2:12-cv-1917-MJP, Dkt. Nos. 97, 107 (W.D. Wash. 2012).

On or about June 6, 2016, Defendant filed Motions for Production of Grand Jury Transcripts and Documents, (Dkt. Nos. 431, 435), and Motions to Produce Discovery, (Dkt. Nos. 432, 436).  The Government opposes the Motions, (Dkt. No. 437).  For reasons stated below, the Court DENIES Defendant's Motions.

## Discussion

### I.     Motions for Production of Grand Jury Transcripts and Documents

In his Motions for Production of Grand Jury Transcripts and Documents, (Dkt. Nos. 431, 435), Defendant requests a variety of materials relating to his indictment and the Grand Jury in general.  The Government argues the Court should deny the Motions because they are untimely and because they do not allege any actual defect in the indictment and are based on speculation.  (Dkt. No. 437 at 4–6.)

The Court concludes Defendant's Motions for Production of Grand Jury Transcripts and Documents should be denied for two reasons.  First, Defendant's Motions for Production of Grand Jury Transcripts and Documents are untimely.  Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that motions to suppress evidence, motions challenging the

ORDER DENYING DEFENDANT'S MOTIONS FOR PRODUCTION OF GRAND JURY TRANSCRIPTS AND DOCUMENTS AND DEFENDANT'S MOTIONS TO PRODUCE DISCOVERY- 3

1  sufficiency of an indictment, and motions relating to discovery issues must be raised before trial.

2  Here, Defendant failed to bring his Motions before trial and fails to provide any proper reason as

3  to why he did not do so.  (See Dkt. Nos. 431, 435).  Second, Defendant has already received a

4  copy of the Grand Jury transcripts relating to his case through discovery.  (See Dkt. No. 429.)

5  Based on the foregoing, the Court DENIES Defendant's Motions for Production of Grand

6  Jury Transcripts and Documents, (Dkt. Nos. 431, 435).

7  **II.     Motions to Produce Discovery**

8  In his Motions to Produce Discovery, (Dkt. Nos. 432, 436), Defendant similarly requests

9  Grand Jury material related to his indictment in this case.  For reasons stated above, the Court

10 DENIES these Motions as well.  The Court notes that in his Motions to Produce Discovery,

11 Defendant argues his counsel did not allow him to review the charging indictment in his case.

12 (See e.g. Dkt. No. 436 at 1.)  Defendant is advised that this is not a legitimate grounds for post-

13 conviction discovery.

14 **Conclusion**

15 The Court DENIES Defendant's Motions for Production of Grand Jury Transcripts and

16 Documents, (Dkt. Nos. 431, 435), and Defendant's Motions to Produce Discovery, (Dkt. Nos.

17 432, 436).

18 The clerk is ordered to provide copies of this order to all counsel.

19 Dated this 15th day of August, 2016.

Marsha J. Pechman
United States District Judge

ORDER DENYING DEFENDANT'S MOTIONS
FOR PRODUCTION OF GRAND JURY
TRANSCRIPTS AND DOCUMENTS AND
DEFENDANT'S MOTIONS TO PRODUCE
DISCOVERY- 4