1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    UNITED STATES OF AMERICA,            CASE NO. CR09-0427JLR

11                       Plaintiff,         ORDER ON MOTION TO
                                            DISMISS INDICTMENT
12               v.

13    MALEEK JAMES,

14                       Defendant.

15                    **I.    INTRODUCTION**

16         Before the court is Defendant Maleek James's Motion to Dismiss Indictment

17   Based Upon Government Misconduct.  (Mot. (Dkt. # 447).)  The court has reviewed Mr.

18   James's motion, the United States of America's ("the Government") response (Resp.

19   (Dkt. # 48)), relevant portions of the record, and the applicable law.  For the reasons

20   stated below, the court DENIES Mr. James's motion to obtain a new trial and REFERS

21   the motion to the Ninth Circuit Court of Appeals for consideration of whether the Ninth

22   //

ORDER- 1

1  Circuit should issue a certificate allowing Mr. James to file a second or successive habeas

2  motion under 28 U.S.C. § 2255(h).

3                              **II.    BACKGROUND**

4         On February 18, 2011, a jury convicted Mr. James of (1) conspiring to possess

5  MDMA/ecstasy with intent to distribute; (2) aiding and abetting the possession of

6  MDMA/ecstasy with intent to distribute; (3) conspiring to import MDMA/ecstasy; and

7  (4) aiding and abetting the importation of MDMA/ecstasy.  (Jury Verdict (Dkt. # 275).)

8  The court sentenced Mr. James to 108 months in prison.  (Judgment (Dkt. # 354).)

9         Mr. James timely appealed his conviction and sentence to the Ninth Circuit.

10  (6/20/11 Notice of Appeal (Dkt. # 353).)  The Ninth Circuit affirmed Mr. James's

11  conviction and sentence.  (10/12/12 Order (Dkt. # 387).)  Mr. James also filed a motion to

12  vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  *James v. United*

13  *States*, No. C12-1917MJP (W.D. Wash. ) (Dkt. # 1).  The court denied Mr. James's

14  Section 2255 petition, *id.* (9/9/12 Order (Dkt. # 97)), and the Ninth Circuit affirmed the

15  denial, *id.* (12/31/15 Mandate (Dkt. # 109)).

16         In May 2016, Mr. James filed two *pro se* motions with the court, seeking a new

17  trial (Dkt. # 427) and discovery in a related case (Dkt. # 426), followed by several

18  additional *pro se* motions in June 2016, in which he sought a new trial (Dkt. ## 430,

19  434), production of grand jury transcripts and documents (Dkt. ## 431, 435), and

20  production of discovery (Dkt. ## 432, 436).  The court denied all of the motions on

21  August 15, 2016.  (8/15/16 Orders (Dkt. ## 443, 444).)

22  //

ORDER- 2

In his latest *pro se* motion, Mr. James alleges that his inability to access unredacted copies of his trial transcripts violates his Sixth Amendment right to receive a "trial transcript that was not redacted and sealed."[1]  (Mot. at 1.)  He contends that the redacted transcripts unconstitutionally deny him information he would use to obtain a new trial, and that the redaction amounts to government misconduct.  (*Id.*)  Mr. James moves the court to hold an evidentiary hearing "to determine why the transcripts were redacted and sealed."  (*Id.* at 2.)  If the Government "cannot explain [at the evidentiary hearing] why the trial transcripts were altered, redacted, and sealed," Mr. James requests that the court dismiss the indictment in his case.  (*Id.*)

The Government opposes Mr. James's motion as "another attempt to challenge the validity of his conviction and sentence."  (Resp. at 4.)  The Government contends that Mr. James's motion should be construed as a motion for a new trial or a successive habeas petition.  (*Id.*)  Accordingly, the Government requests that the court deny the motion or refer it to the Ninth Circuit under Ninth Circuit Rule 22-3(a).  (*Id.* at 4, 6.)

### III.   ANALYSIS

The court must liberally construe *pro se* pleadings.  *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In addition, a motion that is in substance a habeas petition should be treated as one.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (construing a pleading labeled as a Rule 60(b) motion as a habeas

---

[1] Nearly four years ago, after the court issued a modified protective order (Mod. Protective Order (Dkt. # 398)), Mr. James was provided with copies of transcripts from his trial, which redacted identifying information for the Government's civilian witnesses (*see id.*; 1st Status Report (Dkt. # 399); 2d Status Report (Dkt. # 402)).

1    petition because the motion contained a "claim").  Thus, a motion filed in the sentencing

2    court and substantively within the scope of 28 U.S.C. § 2255[2] is a motion under Section

3    2255, regardless of how the prisoner captions the application.  *United States v.*

4    *Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing *Gonzalez*, 545 U.S. at 531).

5    Therefore, even though Mr. James labels his filing a motion to dismiss an indictment,[3]

6    the court construes Mr. James's motion as a Federal Rule of Criminal Procedure 33(b)

7    motion to obtain a new trial and a successive Section 2255 petition to vacate, set aside, or

8    correct his sentence.

9    **A.**    **Motion for a New Trial**

10      Mr. James argues that his inability to access unredacted transcripts

11    unconstitutionally denies him information he would use to obtain a new trial.  (Mot. at 1.)

12    A defendant seeking a new trial "grounded on newly discovered evidence" must file a

13    motion to that effect "within three years after the verdict or finding of guilty."  Fed. R.

14    Crim. P. 33(b)(1).  A defendant seeking a new trial "grounded on any other reason" must

15    file a motion "within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P.

16    33(b)(2).  Whether Mr. James contends that the information of the Government's civilian

17    witnesses amounts to "newly discovered evidence" or brings his motion for "any other

18

19      [2] Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

20    sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.

21      [3] Rule of Criminal Procedure 12(b) governs pretrial motions, including a motion to

22    dismiss an indictment.  *See* Fed. R. Crim. P. 12(b).  Mr. James was convicted in February 2011. (Jury Verdict.)  Therefore, Mr. James is well past the pretrial stage of his criminal case.

1   reason," his present motion is untimely because he filed it well over five years after a jury

2   found him guilty.  (*See* Jury Verdict.)  The court therefore denies Mr. James's motion to

3   the extent he seeks a new trial.

4   **B.      Successive 28 U.S.C. § 2255 Petition**

5          Mr. James also asks the court to dismiss the indictment in his case, which the court

6   construes as a 28 U.S.C. § 2255 motion to vacate Mr. James's conviction.[4]  *See*

7   *Buenrostro*, 638 F.3d at 722.  A Section 2255 motion is a "second or successive" petition

8   if a prior Section 2255 motion was adjudicated on the merits.  *See Green v. White*, 223

9   F.3d 1001, 1002 n.1 (9th Cir. 2000).  As noted above, the court denied Mr. James's first

10  Section 2255 motion on the merits on September 9, 2012, *James*, No. C12-1917MJP

11  (9/9/2012 Order), and the Ninth Circuit affirmed the denial, *id.* (12/31/15 Mandate).

12  Therefore, Mr. James's current motion is a successive Section 2255 petition.

13         However, the court has no jurisdiction to rule on Mr. James's successive Section

14  2255 motion because the Ninth Circuit Court of Appeals has not certified that the

15  provisions of 28 U.S.C. § 2255(h) have been met.  *See United States v. Lopez*, 577 F.3d

16  1053, 1061 (9th Cir. 2009).  Under Ninth Circuit Rule 22-3(a), "[i]f a second or

17  successive . . . motion, or application for leave to file such a . . . motion, is mistakenly

18  submitted to the district court, the district court shall refer it to the court of appeals."

19

20        [4] In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court limited a court's

21  ability to unilaterally recharacterize a *pro se* prisoner's motion as his first Section 2255
    application.  *Id.* at 383.  Here, the court does not need to warn Mr. James of any consequences

22  from the court's characterizing his motion because Mr. James has already filed a motion under
    Section 2255.  *See id.*; *James*, No. C12-1917MJP (9/9/2012 Order).

1    Ninth Circuit Rule 22-3(a).  Accordingly, the court may not consider Mr. James's filing

2    at this time insofar as he seeks relief from his conviction and must instead refer his filing

3    to the Ninth Circuit Court of Appeals.

4                                    **IV.    CONCLUSION**

5            For the foregoing reasons, the court DENIES Mr. James's motion for a new trial

6    and DIRECTS the clerk to refer Mr. James's Motion to Dismiss Indictment Based Upon

7    Government Misconduct (Dkt. # 447) to the Ninth Circuit for further proceedings as a

8    successive 28 U.S.C. § 2255 petition.  The court advises Mr. James that this referral alone

9    does not constitute compliance with Ninth Circuit Rule 22-3 or 28 U.S.C. § 2255(h).  Mr.

10   James must file a motion for leave to proceed in the Ninth Circuit Court of Appeals and

11   make the required showing.  Finally, the court DIRECTs the Clerk to send a copy of this

12   order to Mr. James.

13           Dated this 16th day of September, 2016.

14

15

16   _____

     JAMES L. ROBART
17   United States District Judge

18

19

20

21

22

ORDER- 6